**Alma Francis HARP, Plaintiff-Appellant,**

v.

**The KROGER COMPANY, Defendant-Appellee.**

No. 72–2134.

United States Court of Appeals, Sixth Circuit.

Argued June 5, 1973.

Decided Jan. 15, 1974.

Paul H. Tobias, Cincinnati, Ohio, for plaintiff-appellant; Goldman, Cole & Putnick, Cincinnati, Ohio, of counsel.

J. Mack Swigert, Cincinnati, Ohio, for defendant-appellee; Thorley C. Mills, Jr., Cincinnati, Ohio, on brief; Taft, Stettinius & Hollister, Cincinnati, Ohio, of counsel.

Before PHILLIPS and PECK, Circuit Judges, and MOYNAHAN,* District Judge.

MOYNAHAN, District Judge.

This is an appeal from a final judgment denying recovery to the appellant following a trial to a six member jury on her claim that she was wrongfully discharged from employment by the appellee and from an order denying the appellant's motion for a new trial.

The appellant brought this action against the appellee and against her union; Local No. 390, Retail, Wholesale and Department Store Union, AFL–CIO; contending not only that the appellee had wrongfully discharged her, but also that the union had breached its duty to provide her with fair representation in connection with her discharge.

The appellant was discharged from her employment for violating the appellee's established rule against excessive garnishments when two garnishments were received against her within a period of one year. The union declined to process a grievance on her behalf contesting the discharge. At trial, the appellant contended that one of the garnishments was wrongfully obtained and that the appellee discharged her without allowing her to demonstrate this fact, and without giving sufficient considera-

---

* The Honorable Bernard T. Moynahan, Jr., Chief Judge, United States District Court for the Eastern District of Kentucky, sitting by designation.

tion thereto. Because of these circumstances, the appellant contended that the union was under a duty to process a grievance on her behalf and that its refusal to do so amounted to unfair representation. By special verdict, the jury found adversely to the appellant with respect to each of said contentions. Although the appellant initiated this appeal as to both defendants, the appeal against the union has been subsequently dismissed by agreement.

On appeal, the appellant contends that the trial court's findings of fact and instructions usurped the function of the jury; that objections to the introduction of evidence concerning the appellant's personal and financial situation at the time of the subject garnishments were improperly sustained; and that the trial court erred in requiring that subjective bad faith on the part of the union be established to sustain a charge of unfair representation.

█ The appellant's complaints concerning the trial court's instructions to the jury were not preserved by appropriate exception, as required by Rule 51, Federal Rules of Civil Procedure, and nothing in said instructions or in the trial court's findings of fact could be said to amount to plain error. Similarly, we find no substantial error in the admission or exclusion of evidence, and we certainly find no error of such magnitude as would require reversal.

█ Inasmuch as the appeal against the union has been dismissed, the appellant's complaint concerning her claim of unfair representation is moot and is not properly before this Court.

█ Finally, we observe that the record indicates that the appellant, at the time of her discharge, failed to pursue those grievance procedures available to her individually, which pursuit is a prerequisite to an action of this nature.

For the foregoing reasons, the judgment of the District Court is affirmed.